**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

WESTEN OPPORTUNITIES, LLC,

Plaintiff,

v.

Case No. 1:25-cv-11745
District Judge Michael C. Martin

COIENE S. TAIT, DAVID McARTHUR, and INDIANFIELDS TOWNSHIP,

Defendants.

---

# OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Defendants Indianfields Township, David McArthur, and Coiene Tait have moved to dismiss Plaintiff Westen Opportunities, LLC's, ("Westen") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon review of the pleadings and briefs, the Court finds that a hearing is not necessary to decide this matter and has determined the outcome on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the reasons expressed below, Defendants' motion to dismiss will be granted.

## I. BACKGROUND

Westen is a real estate developer. (ECF No. 1, PageID.3.) In 2020, Westen began investigating the financial viability of constructing a health care complex in Michigan's thumb region. (*Id.*) Before selecting the property, Westen met with Ray

Rendon, Indianfields Township's Supervisor. (*Id.*) Rendon assured Westen that the requested property tax exemption would be approved by the Township's Board. (*Id.*) Based largely on this assurance, Westen chose this property as the location for its health care complex. (*Id.*)

On September 1, 2020, Westen applied for the property tax exemption. (*Id.* at PageID.4.) On September 14, 2020, the Township Board approved Westen's site plan in a unanimous vote. (*Id.*) On October 12, 2020, Westen made a presentation of the project to the Township Board at a public hearing. (*Id.*) At this meeting, Westen requested the tax exemption, and it was approved unanimously. (*Id.*) Coiene Tait, the township's property tax assessor, was present at this meeting. (*Id.*) Westen then began construction of the health care complex, which continued for the next two years. (*Id.*)

Effective June 30, 2021, Tait resigned as the township property tax assessor. (*Id.*) In August 2021, David McArthur succeeded Tait as the township's property tax assessor. (*Id.* at PageID.5.) In the summer of 2022, Westen received a property tax bill. (*Id.*) Westen received five more property tax bills on the parcel between winter 2022 and winter 2024. (*Id.*) Westen did not pay these tax bills, believing them to be erroneous. (*Id.*)

On August 8, 2023, Rendon, who by this time was no longer the township's supervisor or a member of the Township Board, wrote to the Township Board

informing the members that the Board had previously granted a tax exemption, but that "proper steps to put the abatement in place were not taken as we did not have a proper assessor." (*Id.* at PageID.6.) McArthur reported to the Township Board that the township did not have the legal authority to grant the tax exemption. (*Id.*) In December 2024, Westen sold its property and was required to pay the property tax to complete the sale. (*Id.* at PageID.7.) As of February 2025, the Board has yet to come to a resolution on this issue. (*Id.* at PageID.8.)

On June 11, 2025, Westen filed suit in this Court seeking to recover the $332,420.32 paid in taxes, interest, attorney fees, and any other relief the Court deems appropriate. (*Id.* at PageID.12.) Count I, brought under 42 U.S.C. § 1983, argues that Tait and McArthur denied Westen's Fourteenth Amendment substantive due process rights when they failed to give Westen the tax exemption it requested. (*Id.* at PageID.9.) Count II, again brought under 42 U.S.C. § 1983, argues that Tait and McArthur denied Westen's Fourteenth Amendment procedural due process rights. (*Id.* at PageID.10.) Count III argues that Indianfields Township is liable to Westen under a state law promissory estoppel theory. (*Id.* at PageID.11.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss for failure to state a claim brought under

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the plaintiff's pleadings by asking whether the plaintiff's complaint states a claim upon which relief may be granted. *See Bassett v. Nat'l College Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). While this standard does not require the plaintiff to plead "detailed factual allegations," the plaintiff's pleadings must raise more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the plaintiff's factual allegations must "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*

In reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett*, 528 F.3d at 430 (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

For a plaintiff to survive a motion to dismiss a § 1983 claim, the plaintiff must have alleged that he was deprived of "rights, privileges, or immunities secured by the Constitution and laws." *See German v. Killeen*, 495 F. Supp. 822, 828 (E.D. Mich. 1980) ("To establish a claim under § 1983 plaintiff must allege and prove . . . that plaintiff was deprived of specific, articulable rights, privileges or immunities secured by the Constitution and laws of the United States.").

## III. ANALYSIS

### A. Westen's Substantive and Procedural Due Process Claims

Westen alleges its Fourteenth Amendment rights to substantive and procedural due process were violated because it was deprived of its property tax exemption, which Westen claims is "a property interest protected by the Fourteenth Amendment." (ECF No. 1, PageID.9.) The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. However, "[p]roperty interests, of course, are not created by the Constitution." *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). "Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

Westen cites a variety of case law for the proposition that its purported tax exemption is a property interest protected under the Fourteenth Amendment, but none of these cases address property tax exemptions. Instead, they deal with zoning classifications, building permits, certificates of occupancy, and liquor licenses. (ECF No. 17, Page.ID.92–93.) In contrast to Westen's cited cases, courts have held that there is no vested right in a tax exemption. *See Robertson v. Comm'r of State Land Off.*, 44 Mich. 274, 276 (1880) ("Merely refraining from the exercise of the [taxing] power, though it may raise well-founded expectations that the exemption will be permanent, is not sufficient; for this is a mere favor, which may be recalled at any time without any violation of the public faith."); *City of Detroit v. Walker*, 445 Mich. 682, 703 (1994) ("[I]t is also well established that a taxpayer does not have a vested right in a tax statute or in the continuance of any tax law."); *U.S. v. Carlton*, 512 U.S. 26, 30 (1994) ("This Court repeatedly has upheld retroactive tax legislation against a due process challenge."); *Goldberg v. Kelly*, 397 U.S. 254, 264 (1970) (distinguishing termination of welfare from denial of a tax exemption); *Christian Echoes Nat. Ministry, Inc. v. United States*, 470 F.2d 849, 857 (10th Cir. 1972) ("[T]ax exemption is a privilege, a matter of grace rather than right . . . ."). This Court has been unable to find any case law suggesting that a property tax exemption is a constitutionally protected property interest. Absent a legal basis to conclude that a tax exemption is a property interest protected by the

Fourteenth Amendment, the Court holds that Westen has failed to state a claim under 42 U.S.C. § 1983.

Even assuming a property tax exemption is a property interest, Westen's complaint fails to allege that an exemption was legally created by the Indianfields Township Board. "Local units of government derive their powers of taxation from the legislature." *City of Berkley v. Royal Oak Twp.*, 320 Mich. 597, 601 (1948). "Their power to impose taxes cannot be exercised except in pursuance of express statutory authority." *Id.* Westen sought a property tax exemption pursuant to the Commercial Redevelopment Act, MICH. COMP. LAWS § 207.651, *et seq*. (ECF No. 14-2, PageID.73.)[1] This statute establishes a process for creating a commercial redevelopment district (CRD) and indicates that establishing a CRD is a precondition for granting a tax exemption pursuant to a commercial facilities exemption certificate (CFEC). To begin, the statute provides that a "local governmental unit, by resolution of its legislative body, may establish a commercial redevelopment district . . . ." MICH. COMP. LAWS § 207.655(1). The statute also says, "[t]he owner or lessee of a facility may file an application for a commercial facilities exemption certificate with the clerk of the local government unit *that established the commercial redevelopment district*." *Id.* § 207.656(1)

[1] The Court considers Westen's application for the property tax exemption as a document incorporated by reference. (ECF No. 1, PageID.4) (alleging that "Westen applied for the property tax exemption.").

(emphasis added). The legislature's use of the past tense indicates that the CRD must be established first. This timing is not mere semantics. For example, the statute provides that "[b]efore adopting a resolution establishing a commercial redevelopment district, the legislative body shall give written notice by certified mail to the owners of all real property within the proposed commercial redevelopment district . . . ." *Id.* § 207.655(3). Giving neighbors notice of the new development before the CRD is created has obvious public benefits.

Here, Westen does not allege that Indianfields Township ever created a CRD.[2] Absent the establishment of a commercial redevelopment district, the township was without authority to grant a tax exemption. Even if the tax exemption is a property interest, the township did not effectively create it because it acted outside the scope of its authority. Westen cannot seek to claim it was deprived of a property interest when no property interest was ever effectively created in the first place.

### B. Subject Matter Jurisdiction

The Court declines to exercise subject matter jurisdiction over the remaining state law promissory estoppel claim. A district court may decline to exercise

[2] In fact, Westen admits that Indianfields Township did not establish a CRD before granting the tax exemption. (ECF No. 17, PageID.95.) However, because Westen's Response is outside the pleadings, the Court does not rely on this admission in ruling on the Motion to Dismiss.

supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Further, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996), *amended on denial of reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998).

Here, the federal question claims have been dismissed for failure to state a claim and the remaining state law claim involves a local property tax dispute that is better addressed in Michigan state court. The Court therefore declines to continue to exercise jurisdiction over the state law promissory estoppel claim.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (ECF No. 14) is **GRANTED**. The federal claims (Counts I and II) are **DISMISSED WITH PREJUDICE**. The state claim for promissory estoppel (Count III) is **DISMISSED WITHOUT PREJUDICE**.

s/Michael C. Martin
Hon. Michael C. Martin
United States District Judge

Dated: November 16, 2026